**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHERRY LYNN MUNDT, | ) | CASE NO. ED CV 14-01565 RZ |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) ) ) | |
| Defendant. | ) ) | |

Plaintiff Sherry Lynn Mundt seeks review of the Social Security Commissioner's decision denying her application for disability benefits. She argues that the Administrative Law Judge wrongly rejected the treating physician's opinion, wrongly rejected the non-examining physician's opinions, and presented an incomplete hypothetical question to the vocational expert. The Court does not agree.

The Administrative Law Judge determined that Plaintiff suffered from a mood disorder, which was a severe impairment. [AR 12] He rejected the opinion of the treating physician, which, he said was an opinion that Plaintiff could perform no work. [AR 18] Relying instead on the opinions of non-examining physicians, he concluded that Plaintiff could perform work at all exertional levels, with certain non-exertional limitations. [AR 14] With these limitations, Plaintiff could not perform her past relevant work [AR 19], but

she could perform other work which existed in plentiful numbers in the economy. [*Id.*] Accordingly, she was not disabled. [AR 20]

Plaintiff first asserts that the Administrative Law Judge wrongly rejected the opinion of her treating physician, Dr. Yan. A treating physician's opinion is owed deference, *Aukland v. Massanari*, 257 F.3d 1033, 1036 (9th Cir. 2001), on the theory that, having treated the patient most in-depth and for the longest period of time, his assessment is more likely accurate. *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987). However, the Administrative Law Judge does not have to accept his opinion, and can reject it whether it is controverted or not. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1194-95 (9th Cir. 2004). If the opinion is not controverted, the Administrative Law Judge must give clear and convincing reasons for rejecting it. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). If it is controverted, he must give specific and legitimate reasons for rejecting it. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). Here, the treating physician's opinion was controverted by both examining and non-examining physicians. The Administrative Law Judge gave specific and legitimate reasons for rejecting the treating physician's opinion.

The Administrative Law Judge primarily found that Dr. Yan's opinion was not backed by objective clinical findings. It is true, as Plaintiff asserts, that the record contains evidence of Plaintiff's mood disorder, but that is not the issue. The issue is how the mood disorder compromises Plaintiff's ability to function in the workplace, if at all. Thus, when Plaintiff refers to evidence that her mood disorder was inadequately controlled [AR 318-19 and 336-37], she overlooks the fact that her speech was recorded as normal, her thought processes linear and logical and her cognition alert, with her being oriented to time, place and person. [AR 319, 337] This is consistent with the Administrative Law Judge's determination that "[t]here are no objective findings to support Dr. Yan's opinion that the claimant suffers from cognitive function impairment and would be unable to cope with job stress or demand." [AR 18] The regulations provide that an opinion with greater evidence behind it is more persuasive, 20 C.F.R. § 404.1527(d)(3), and the cases make

clear that an administrative law judge may discredit a physician's opinion that is not supported by objective medical findings. *See Batson*, 359 F.3d at 1195. The issue is ability to work, not whether Plaintiff had an impairment, and the Administrative Law Judge was justified in concluding that the treating physician's opinion on Plaintiff's inability to work was unsupported.

Plaintiff's second argument is that the Administrative Law Judge erred in failing to properly consider the State Agency physician's opinion. One of the physicians opined that Plaintiff might have trouble interacting with the public, and that she might need to be limited to simple repetitive tasks. Plaintiff argues that these limitations are not included in the Administrative Law Judge's residual functional capacity, and were not part of the hypothetical question posed to the vocational expert.

There was, however, substantial evidence supporting the Administrative Law Judge's conclusion. The consulting physician found that Plaintiff's ability to interact with the public was only a mild limitation and had no restrictions on understanding or carrying out simple instructions [AR 205], and the treating physician found that Plaintiff's ability to interact with the public, even though it had some limitations, nevertheless was satisfactory. [AR 452] Given that the state agency physician was not firm in preventing Plaintiff from working with the general public [AR 60], it cannot be said that there was error in either fashioning the residual functional capacity or in posing the hypothetical question to the vocational expert. The Administrative Law Judge also limited Plaintiff to work that did not require hypervigilance or intense concentration, again accommodating reasonable limitations on Plaintiff's ability to perform tasks. [AR 14]

The Administrative Law Judge complied with the law, and substantial evidence backed his findings. Accordingly, the decision of the Commissioner is affirmed.

DATED: April 13, 2015

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE